IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOHAIL ALLAUDIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Cause No. 4:18cv351 |
| VS. | § | |
| | § | Jury Trial Demanded |
| PERRY'S RESTAURANTS, LTD., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Sohail Allaudin files this Complaint against Defendant Perry's Restaurants, Ltd. and would show the following:

### Parties

1. Plaintiff Sohail Allaudin is an individual currently residing in Indiana.

2. Defendant Perry's Restaurants, Ltd. is a Texas limited partnership with its main office in Houston, Texas. Perry's Restaurants, Ltd. may be served with process through its registered agent, Christopher V. Perry, 9821 Katy Freeway, Suite 500, Houston, Texas 77024.

### Jurisdiction and Venue

3. The Court has original jurisdiction because this case arises under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, and because there is complete diversity of citizenship with an amount in controversy in excess $75,000.

4. Venue is proper in this District because Mr. Allaudin worked in this District.

### Claim for Relief

5. Mr. Allaudin is Muslim and was born in Pakistan. As of July 2016, he had been working as a server at Perry's Steakhouse in The Woodlands for several months with good reviews.

1

He had encountered some cultural insensitivity.  For example, he was required to participate in a wine tasting even though he is Muslim.  Nonetheless, everything seemed to be going fine.

6.     Around the second week of July 2016, however, another server, Reid Goodwin, launched into a tirade directed at Mr. Allaudin.  Among other things, he mocked Mr. Allaudin's accent, made "jokes" about Asians who work in convenience stores, and suggested that Mr. Allaudin was a terrorist because he am Muslim.  To say this least, this was highly offensive to Mr. Allaudin.  Some of the other employees seemed shocked by what was happening.  Mr. Allaudin promptly reported the matter to general manager Rebecca Munns and assistant manager Matthew Simmons, who in turn referred the matter to Adrianna Garcia in HR.  Eventually, Mr. Goodwin received three days off as discipline.

7.     Mr. Simmons spoke to Mr. Allaudin afterwards, urging him not to escalate matters.  He told Mr. Allaudin that it would be "suicidal" if Mr. Goodwin acted up again.  However, he also mentioned that Ms. Munns had said that she thought that Mr. Allaudin was a "headache."

8.     When Mr. Goodwin returned, he told Mr. Allaudin that HR had wanted to give him three weeks off, but that Ms. Munns went to bat for him and got it reduced to three days.  He told Mr. Allaudin that "white people stick together."  Mr. Allaudin promptly reported this to Ms. Munns, who angrily told him that he was giving her headaches.  Mr. Allaudin had two scheduled days off, and she told him to take a third day off.  He did so.

9.     When Mr. Allaudin returned to work, Ms. Munns called him into her office and summarily fired him.  She claimed that there had been a customer complaint, but she refused to provide any details other than a vague reference to "upselling."  She also mentioned Mr. Allaudin's complaints against Mr. Goodwin, which made it obvious that the customer complaint (if it really even happened) was just a pretext.

2

10. Later, Perry's claimed that Mr. Allaudin had been disciplined "a total of nine (9) times, in combination of verbal counseling's [sic] and write ups." This was false, and in fact it appears that Perry's fabricated a number of customer complaints and write ups that never really happened. It appears that most if not all of these fictitious write ups were "documented" in the days after Mr. Allaudin's complaint against Mr. Goodwin.

11. Remarkably, Perry's claims that it gave Mr. Allaudin the "initial warning of aggressive sales tactics" on July 8, 2016, "notifying him further that further complaints of this nature would result into [sic] immediate termination." Not only did this "warning" never occur, but in fact the July 8 date appears to coincide with Mr. Allaudin's complaint against Mr. Goodwin. This clumsy attempt at a cover-up is an implicit admission that Mr. Allaudin's termination was discriminatory and retaliatory.

12. Mr. Allaudin filed a charge of discrimination on October 17, 2016, and the EEOC issued a right to sue letter on January 24, 2018.

13. All conditions precedent have occurred or been satisfied.

14. Perry's terminated Mr. Allaudin because of his race, national origin, and religion in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and Chapter 21 of the Texas Labor Code, and because he opposed conduct that he reasonably believed to violate those statutes. Perry's is therefore liable to Mr. Allaudin for back pay including benefits, reinstatement or alternatively front pay, compensatory damages including punitive damages, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

For the foregoing reasons, Defendant should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Back pay including benefits;

(2)	Reinstatement or in the alternative front pay;

(3)	Compensatory damages including punitive damages;

(4)	Attorneys' fees;

(5)	Pre- and post-judgment interest as provided by law;

(6)	All costs of court; and

(7)	Any other relief to which Plaintiff may be entitled.

                        Respectfully submitted,

                        /s/ David C. Holmes
                        David C. Holmes
                        Texas Bar No. 09907150
                        Southern District No. 5494
                        Law Offices of David C. Holmes
                        13201 Northwest Freeway, Suite 800
                        Houston, Texas 77040
                        Telephone: (713) 586-8862
                        Facsimile: (713) 586-8863
                        dholmes282@aol.com

                        ATTORNEY FOR PLAINTIFF